IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRANDON NELSON SPARKS                                                          PLAINTIFF

VS.                                   4:17-CV-00838-BRW

BAPTIST HEALTH, *ET AL.*                                                      DEFENDANTS

**ORDER**

On December 18, 2017, Plaintiff was directed to file an Amended Complaint "setting out, specifically, what causes of actions he is alleging and against whom."[1]

According to the Amended Complaint, Plaintiff is suing Defendants for actions they took pursuant to an involuntary commitment order issued by the Pulaski County Circuit Court in June of 2017. Plaintiff asserts that he was "wrongfully admitted" and "placed on involuntary hold two days after [his] refusal of treatment violated [his] patient's rights."[2]

Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments.[3] If a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court.[4] The Eighth Circuit has held:

> A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman*

---

[1] Doc. No. 3.

[2] Doc. No 4.

[3] *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

[4] *Id.*

1

precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.[5]

Again, Plaintiff's claims arise out of the state-court commitment proceedings. To grant Plaintiff's relief would effectively amount to a reversal of the state court's decision regarding his commitment. In other words, Plaintiff's claims are "essentially a collateral attack in federal district court on a state foreclosure judgment."[6]

As for the claims not specially tied to the commitment order – "messy and unclean" rooms and "being held in an unsafe facility" – they are dismissed for failure to state a claim for which relief can be granted.

Accordingly, this case is DISMISSED.

IT IS SO ORDERED this 24th day of January, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

[6] *Postma v. First Federal Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).